**IN THE COURT OF APPEALS OF IOWA**

No. 16-1271
Filed April 19, 2017


**SUNGREEN LAWNCARE, L.L.C. and MATTHEW ROMINE,**
   Plaintiffs/Counterclaim Defendants-Appellees,

**vs.**

**BEAUTIFUL LAWNS BY LONGS, L.L.C. and BRANDAN LONG,**
   Defendants/Counterclaim Plaintiffs-Appellants.
_____


Appeal from the Iowa District Court for Polk County, Brad McCall, Judge.


Beautiful Lawns by Longs, L.L.C. and Brandan Long appeal the district court's dismissal of their petition to modify default judgment. **REVERSED AND REMANDED.**


Thomas P. Murphy of Hopkins & Huebner, Adel, for appellants.

Sungreen Lawncare, L.L.C. and Matthew Romine, Urbandale, appellees.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Beautiful Lawns by Longs, L.L.C. (Beautiful Lawns) and Brandan Long appeal the district court's dismissal of their petition to modify default judgment. We reverse and remand.

## I.    Background Facts and Proceedings

This litigation arose from the parties' dispute over lawn equipment. Sungreen Lawn Care, L.L.C. (Sungreen) and Matthew Romine brought suit in August 2015 against numerous defendants, including Beautiful Lawns and Long. In September, Beautiful Lawns and Long, along with other defendants who are employees of Beautiful Lawns, answered, and Beautiful Lawns asserted three counterclaims: (1) declaratory judgment regarding its ownership of the disputed equipment, (2) injunctive relief, and (3) unjust enrichment.  On September 10, the district court granted Beautiful Lawn's request for temporary injunction, which enjoined Romine from "sell[ing] the equipment until th[e] temporary injunction is set aside or otherwise lifted."   On September 15, counsel for Romine and Sungreen filed a motion to withdraw, which the court granted on September 23.

On November 10, summary judgment was granted to Beautiful Lawns and its employees on Sungreen and Romine's petition.  Two days later, Beautiful Lawns and Long filed an application for default judgment with regard to their counterclaims.  In December, Beautiful Lawns and Long filed an application to modify the temporary injunction, asking that the court direct Sungreen and Romine to return the equipment to Long to prevent it from being stolen or otherwise harmed.  The district court granted the unresisted modification request

on December 30, ordering Sungreen and Romine to grant Long access to the equipment in order to "secure and retain the equipment."

On January 8, 2016, the district court entered default judgment against Sungreen and Romine and, in relevant part, ordered Sungreen and Romine to return the equipment to Beautiful Lawns and awarded damages on the unjust enrichment claim. On January 27, when the equipment was not returned, Beautiful Lawns and Long filed an application for rule to show cause. After filing this application, Long learned Romine purportedly sold one of the mowers back in August 2015—before the counterclaim was even filed—and additional equipment had been sold from a storage unit on February 12, 2016[1]—after default judgment had been entered. A hearing was held on the application for rule to show cause, at which time Romine claimed he was in jail when the equipment was sold from the storage unit in February and thus he had no knowledge of the sale and was unable to prevent it.[2] In April 2016, the district court entered an order on the application for rule to show cause, finding the clerk of court failed to set up Romine "as a pro se litigant to receive copies of any court orders or other filings in this matter" and thus "the court c[ould not] find beyond a reasonable doubt that [Romine] was provided a copy of the orders which he is alleged to have violated, both of which were entered after his prior attorney withdrew from the case."

---

[1] Romine testified everything Beautiful Lawns and Long wanted, except for the mower that was sold in August 2015, had been in that storage unit.
[2] Specifically, he claimed he fell behind on his payments for the storage unit and an auction was held without him receiving any notice. He testified other property of his was sold as well.

As a result, on June 8, 2016, Beautiful Lawns and Long filed a petition to modify the court's January 8, 2016 default judgment, requesting a "trial on conversion damages." The district court denied the petition to modify without a hearing, reasoning:

> In the Petition to Modify Judgment the Counterclaim Plaintiffs now seek to amend the judgment to include damages for an alleged conversion of the lawn maintenance equipment occurring, perhaps, before the original Judgment was entered, and perhaps later. In this Petition to Modify Judgment the Counterclaim Plaintiffs seek to modify the Judgment to recover damages on a new and different theory not included in the original action. The Counterclaim Plaintiffs recognized the possibility of this new and different theory of recovery, alleging in the Counterclaim "if the equipment has been sold Beautiful Lawns will seek leave to amend and to bring valid claims against any Plaintiff(s) and any person who knowingly accepted the proceeds of the equipment."
>
> The Judgment entered on January 8, 2016 is a final judgment. While the Counterclaim Plaintiffs may assert a new cause of action against the Plaintiffs on the basis of alleged conversion of the lawn maintenance equipment, they may not now simply have the prior judgment modified to include damages on a theory not asserted in the original proceeding.

Beautiful Lawns and Long filed a motion to amend or enlarge, which the district court denied. Beautiful Lawns and Long appeal.[3]

## II.    Standard and Scope of Review

We review an appeal of an order under Iowa Rule of Civil Procedure 1.1012 at law. *See In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997). "We give the district court wide discretion in ruling on such petitions, and an abuse of discretion is needed for reversal." *Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 109 (Iowa 2011). "We will reverse a court's discretionary ruling only

---

[3] No responsive briefing was filed by Sungreen or Romine on appeal.

when the court rests its ruling on grounds that are clearly unreasonable or untenable." *Id.* at 110.

### III.    Analysis

On appeal, Beautiful Lawns and Long argue the newly discovered, material evidence is that Romine disposed of part of the property—and misleadingly indicated he had that property during the pendency of this action— and then allowed additional property to be disposed of after judgment had been entered against him.   Beautiful Lawns and Long also argue the district court failed to hold a trial on the petition before denying it.

Iowa Rule of Civil Procedure 1.1012 provides a "court may correct, vacate or modify a final judgment or order, or grant a new trial" where there is "[m]aterial evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial under rule 1.1004."   Rule 1.1013(3) requires the court to "promptly assign the petition for trial not less than 20 days after notice is served."   Under rule 1.1013(4), a "court may try and determine the validity of the grounds to vacate or modify a judgment or order before trying the validity of the claim or defense."   Here, the district court determined the validity of Beautiful Lawns and Long's petition but did so without first providing them the opportunity to be heard.   *See generally In re Marriage of Kierkegaard*, No. 10-1924, 2011 WL 3116940, at *1-3 (Iowa Ct. App. July 27, 2011).   Without reaching the question of whether Beautiful Lawns and Long have valid grounds to vacate or modify the prior default judgment, we reverse the denial of the petition and remand this

matter to the district court to allow Beautiful Lawns and Long an opportunity to be heard on their petition, in compliance with Iowa Rule of Civil Procedure 1.1013.

**REVERSED AND REMANDED.**